UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| ANTHONY BUTLER )<br>)<br>                    Plaintiff. )<br>v.                                                           )<br>)<br>ASSET ACCEPTANCE, LLC            )<br>)<br>       SERVE:  CT Corporation System  )<br>                       4701 Cox Road                  )<br>                       Suite 301                           )<br>                       Glen Allen, VA  23060       )<br>)<br>JONI EATMAN                                  )<br>2204 Williams Road                         )<br>Plant City, FL  33565                       )<br>)<br>                    Defendants.            ) | CIVIL NO. 3:08CV341 |

## COMPLAINT

COMES NOW the Plaintiff, Anthony Butler, by counsel, and as for his Complaint against the Defendant, he alleges as follows:

1.      This action is a Complaint brought against the Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Defendant Asset Acceptance, LLC is a debt collector that purchases debts and sues consumers in the General District Courts of the Commonwealth of Virginia to collect such debts. In such litigation, it submits affidavits, and makes misrepresentations to consumers that are either false on their face or would serve to deceive or mislead the least sophisticated consumer.

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. The Court additionally has the authority to provide declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

3. Plaintiff is a natural person, resides within the Eastern District of Virginia, and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Asset Acceptance, LLC, (hereafter, "Asset Acceptance" or "AAC"), is a Delaware limited liability company with its headquarters and principal place of business located in Warren, Michigan. Asset Acceptance is a debt purchaser that buys stale consumer debt from creditors and other debt collectors and then files actions against consumers in its own name in Virginia state courts, using in-house counsel. At all times relevant hereto, Asset Acceptance was a "debt collector" as that term is defined by the FDCPA.

5. Defendant Joni Eatman (hereafter "Eatman") is, upon information and belief, a debt collector and an employee of Defendant Asset Acceptance who routinely signs affidavits for submission to courts across the Commonwealth of Virginia in support of Asset Acceptance's collection cases.

## STATEMENT OF FACTS

6. In 2004, Plaintiff entered into a contract with HSBC/Beneficial for a $6,000 signature loan.

7. Plaintiff began making timely payments on the loan, the amounts of which exceeded the minimum payment due according to the terms of the loan agreement.

8. At such time as Plaintiff made his payments, he directed HSBC/Beneficial to apply the additional funds to the principal balance of the loan so that Plaintiff might repay his loan sooner than the full term contemplated in the loan contract.

9. On numerous occasions, and contrary to Plaintiff's instructions, HSBC/Beneficial misapplied Plaintiff's installment payments and applied the overpayment to interest, in clear violation of the terms of both the loan agreement and Plaintiff's instructions to it that the overpayment should be applied to only pay down the principal balance.

10. When Plaintiff discovered that his payments were not applied correctly, he disputed the misapplication of his payments with HSBC/Beneficial on several occasions and had multiple conversations with its employees regarding the same.

11. Despite Plaintiff's efforts, HSBC/Beneficial continued to misapply his payments.

12. Plaintiff finally notified HSBC/Beneficial that it was in breach of the loan agreement by its misapplication of his payments and that no further payments would be made until HSBC/Beneficial agreed to apply his payments properly.

13. HSBC/Beneficial shortly thereafter charged off and sold the debt to an unknown debt collector.

14. Defendant Asset Acceptance thereafter contacted the Plaintiff and, without providing the Plaintiff with any documentation or support for its claim, asserted that it had purchased the debt from another debt collector.

15. Despite that the initial principal balance was only $6,000.00, AAC sent the Plaintiff a collection letter in August of 2007 that stated that the total amount due was $10,830.32, inclusive of interest and fees.

16. Plaintiff thereafter disputed the debt with AAC, requested documentation to establish that it had purchased the right to collect on this debt, and requested verification of the amount that it claimed that he owed.

17. On October 27, 2007, AAC sent a letter to Plaintiff that outrageously stated that the principal balance was $7,511.34, a principal amount that represents $1,511.34 more than Plaintiff borrowed at the origination of the loan.

18. AAC thereafter did not provide any proof to the Plaintiff that it had purchased the debt, as the Plaintiff requested.

19. AAC continued in its collection efforts, despite its failure to provide proof of assignment and despite that its own records indicated a principal balance that exceeded the amount that Plaintiff borrowed from HSBC/Beneficial.

20. Upon information and belief, the interest rate that AAC applied to the account was inflated and was not provided for by contract.

21. In April of 2008, Asset Acceptance sued Mr. Butler in the General District Courts of the Commonwealth of Virginia in an attempt to collect the alleged debt.

22. In that state court collection case, and in accordance with its standard business practice, AAC filed numerous affidavits and other documents that were false and/or misleading on their face, at least two of which were signed by Defendant Eatman.

23. At the time of the initiation of the state court collection case, AAC filed and served on the Plaintiff a sworn statement made by Defendant Eatman titled "Affidavit – Default Judgment", which made certain representations as to the Plaintiff's military status and her knowledge as to the same.

24. At the time that Defendant AAC filed and served the "Affidavit – Default Judgment" upon the Plaintiff, he was not in default.

25. Upon information and belief, as part of its standard litigation strategy, AAC files and serves the document titled "Affidavit – Default Judgment" at the same time that it files its initial pleading in its collection cases in an attempt to confuse and/or mislead the least sophisticated consumer into believing that he or she is in default.

26. In the alternative, and regardless of the Defendant's intent, the filing and service upon the consumer of this document would serve to confuse and/or mislead the least sophisticated consumer into believing that he or she is in default.

27. In the document titled "Affidavit – Default Judgment", Defendant Eatman swore under penalty of perjury on April 15, 2008 that she had verified at or prior to the time that she signed the affidavit that Mr. Butler was not in military service.

28. Upon information and belief, Defendant Eatman's statement was false. Upon information and belief, at the time that she signed the document titled "Affidavit – Default Judgment", she had not verified the Plaintiff's military status.

29. Upon information and belief, the verification was not performed until at least the next day.

30. Upon information and belief, AAC's standard business practice is to instruct Defendant Eatman or other individuals in its litigation department sign such affidavits without any personal knowledge as to the facts averred therein and prior to such time as the Defendant has verified the actual military status of its collection targets.

31. In its collection lawsuit, the Defendant also filed a second affidavit, also by Defendant Eatman, titled "Affidavit of Account".

32. In the "Affidavit of Account", signed on April 7, 2008, Defendant Eatman states that she has personal knowledge that the principal balance of the loan was $6,000.37 at the time that Defendant AAC purchased the account.

33. In fact, $6,000.37 was the initial principal balance of the loan that Plaintiff secured from HSBC/Beneficial, and it was not the principal balance of the loan when Defendant AAC allegedly purchased the account, following Plaintiff's multiple payments thereon.

34. If Ms. Eatman had actually reviewed the Defendant's business records on April 7, 2008, as she swears under penalty of perjury in the "Affidavit of Account" that she did prior to signing the affidavit, she would have learned that on October 27, 2007, Asset Acceptance had informed the Plaintiff that his principal balance was $7,511.34, as referenced in paragraph 17 of this Complaint. Her sworn statement as to the status of Defendant AAC's business records was thus false. Upon information and belief, Defendant Eatman had not personally reviewed Defendant AAC's business records regarding the Plaintiff prior to signing the "Affidavit of Account".

35. Therefore, the principal balance referenced in the October 27, 2007 letter to the Plaintiff was inaccurate on its face, as supported by Defendant Eatman's sworn statement in the "Affidavit of Account". In the alternative, the principal balance reflected in Defendant Eatman's affidavit was inaccurate.

36. Along with the Warrant in Debt, Asset Acceptance's in-house counsel, Reiss F. Wilks, an attorney admitted to practice in the Commonwealth of Virginia, filed a document titled "Statement of Case".

37. The "Statement of Case" states in paragraph 5 that "[D]espite demand, [Mr. Butler] has refused to pay the sum currently due and owing in the principal amount of $6,000.37 and accrued interest at the contract rate of 6% from 10/11/2004.", hereafter "the Wilks statement".

38. The Wilks statement contains at least 4 false assertions.

39. The false assertions included in the Wilks statement include, but are not limited to, the assertions that:

> a) Asset Acceptance had previously demanded only a principal amount of $6,000.37 and accrued interest;
>
> b) Mr. Butler had refused to pay this amount;
>
> c) The contract interest rate was 6%; and
>
> d) Mr. Butler owed Asset Acceptance $6,000.37 plus accrued interest at 6% calculated from October 11, 2004.

40. Each of the statements contained in paragraph 39 were false statements made by Reiss Wilks, Defendant AAC's in-house counsel, in an attempt to collect a debt.

### COUNT ONE:
### VIOLATION OF 15 U.S.C. §1692e
### (Defendant Asset Acceptance)

41. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 40 above as if fully set out herein.

42. The false statements and misrepresentations described herein as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e.

43. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT TWO:
### VIOLATION OF 15 U.S.C. §1692e
### (Defendant Eatman)

44. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 43 above as if fully set out herein.

45. The false statements and misrepresentations described herein as made by Defendant Eatman violated 15 U.S.C. §1692e.

46. Plaintiff is therefore entitled to actual and statutory damages against Defendant Eatman, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT THREE:
### VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant Asset Acceptance)

47. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 46 above as if fully set out herein.

48. The false statements and misrepresentations described herein as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e(2)(A).

49. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT FOUR:
### VIOLATION OF 15 U.S.C. §1692e(2)(A)
(Defendant Eatman)

50. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 49 above as if fully set out herein.

51. The false statements and misrepresentations described herein as made by Defendant Eatman violated 15 U.S.C. §1692e(2)(A).

52. Plaintiff is therefore entitled to actual and statutory damages against Defendant Eatman, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT FIVE:
### VIOLATION OF 15 U.S.C. §1692e(5)
(Defendant Asset Acceptance)

53. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 52 above as if fully set out herein.

54. The false statements and misrepresentations described herein as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e(5).

55. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT SIX:
### VIOLATION OF 15 U.S.C. §1692e(10)
(Defendant Asset Acceptance)

56. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 55 above as if fully set out herein.

57. The false statements and misrepresentations described herein as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e(10).

58. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT SEVEN:
### VIOLATION OF 15 U.S.C. §1692e(10)
### (Defendant Eatman)

59. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 58 above as if fully set out herein.

60. The false statements and misrepresentations described herein as made by Defendant Eatman violated 15 U.S.C. §1692e(10).

61. Plaintiff is therefore entitled to actual and statutory damages against Defendant Eatman, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT EIGHT:
### VIOLATION OF 15 U.S.C. §1692f
### (Defendant Asset Acceptance)

62. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 61 above as if fully set out herein.

63. The false statements and misrepresentations described herein as made by Defendant Asset Acceptance violated 15 U.S.C. §1692f.

64. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT NINE:
### VIOLATION OF 15 U.S.C. §1692f
### (Defendant Eatman)

65. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 64 above as if fully set out herein.

66. The false statements and misrepresentations described herein as made by Defendant Eatman violated 15 U.S.C. §1692f.

67. Plaintiff is therefore entitled to actual and statutory damages against Defendant Eatman, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act against each of the Defendants, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

ANTHONY BUTLER

By _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, Virginia 22030
(703) 273-7770
(888) 892-3512 facsimile
matt@clalegal.com

11